B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br>Matthew Chenault et. al. | DEFENDANTS<br>CS Mining, LLC |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Jones Waldo Holbrook & McDonough<br>170 South Main Street, Suite 1500<br>Salt Lake City, Utah 84101 (Tel. 801-534-7337) | ATTORNEYS (If Known)<br>Jessica P. Wilde<br>George W. Pratt |
| PARTY (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor   ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☒ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee |

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Violation of the Federal Worker Adjustment and Retraining Notification (WARN) Act, 29 U.S.C. §§ 2101 et seq., for failure to provide 60 days advance written notice prior to a mass layoff.

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☒ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☒ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>CS Mining, LLC | BANKRUPTCY CASE NO.<br>16-bk-24818 | | |
| DISTRICT IN WHICH CASE IS PENDING<br>District of Utah | DIVISION OFFICE<br>Salt Lake City | NAME OF JUDGE<br>William T. Thurman | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE<br>6/7/2016 | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants**. Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys**. Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand**. Enter the dollar amount being demanded in the complaint.

**Signature**. This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

George W. Pratt (USB #2642)
Jessica P. Wilde (USB #11801)
**JONES WALDO HOLBROOK & McDONOUGH PC**
170 South Main Street, Suite 1500
Salt Lake City, Utah 84101
Telephone: (801) 521-3200
Email: gpratt@joneswaldo.com
jwilde@joneswaldo.com

Jack A. Raisner
René S. Roupinian
**OUTTEN & GOLDEN LLP**
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
E-mail: jar@outtengolden.com
rsr@outtengolden.com

*Attorneys for the Plaintiff and the putative class*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>CS MINING, LLC,<br><br>              Debtor. | Chapter 11<br>Bankr. Case No. 16-24818-WTT |
| MATTHEW CHENAULT on behalf of himself and all others similarly situated,<br><br>              Plaintiff,<br><br>    v.<br><br>CS MINING, LLC,<br><br>              Defendant. | **Adv. Pro. No.** _____-\_\_\_\_\_ |

1235052.1

## CLASS ACTION ADVERSARY PROCEEDING COMPLAINT FOR VIOLATION OF WARN ACT 29 U.S.C. § 2101, *et seq.*

Plaintiff Matthew Chenault ("Plaintiff") alleges on behalf of himself and a putative class of similarly situated former employees of CS Mining, LLC ("CS Mining" or "Debtor" or "Defendant") by way of this Class Action Adversary Proceeding Complaint against Defendant as follows:

### NATURE OF THE ACTION

1. This is a class action for the recovery by Plaintiff Matthew Chenault and the other similarly situated employees of Defendant for damages in the amount of 60 days' pay and ERISA benefits by reason of Defendant's violation of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 *et seq.* (the "WARN Act").

2. Plaintiff and other similarly situated employees were terminated as part of, or as the foreseeable result of, a mass layoff or plant shutdown ordered by Defendant beginning on or about May 17, 2016. As such, Defendant violated the WARN Act by failing to give Plaintiff and other similarly situated employees of Defendant at least 60 days' advance notice of termination, as required by the WARN Act. As a consequence, Plaintiff and other similarly situated employees of Defendant are entitled under the WARN Act to recover from Defendant 60 days' wages and ERISA benefits, none of which have been paid.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1334 and 29 U.S.C. § 2104(a)(5).

4. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

2

1235052.1

5. Venue is proper in this District pursuant to 28 U.S.C § 1409 and 29 U.S.C. § 2104(a)(5).

## THE PARTIES

*Plaintiff*

6. Plaintiff Matthew Chenault worked as a Control Room Operator for Defendant. He worked at Defendant's location at 5000 North 5200 West, Milford, UT 84751 (the "Mine Facility") until his termination on or about May 17, 2016.

*Defendant*

7. Upon information and belief, Defendant CS Mining, LLC is a Delaware corporation with its principal place of business located at 653 N 100 W, Milford, UT 84751 ("Headquarters", and together with the Mine Facility, the "Facilities").

8. Upon information and belief, CS Mining is a portfolio company of Clarity Management, LP and is managed through Skye Mineral Partners, LLC (a holding company).

9. Clarity Management, LP's co-investment partners in CS Mining include an entity managed by Empire Advisors LLC and two entities managed by Lippo, a Hong Kong-based investment holding company.

10. On May 5, 2016, Lippo issued a "Profit Warning" concerning CS Mining, stating it had been informed by Defendant that it was considering putting its mining operations into "care and maintenance mode".

11. Upon information and belief at all relevant times, Defendant owned, maintained and operated its business employing approximately 175 employees at its Facilities.

1235052.1

12. On June 2, 2016, an involuntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code was filed against Defendant.

13. Until his termination by Defendant, Plaintiff and the other similarly situated persons were employees of Defendant who worked at, received assignments from, or reported to Defendant's Facilities.

14. In the course of terminating Plaintiff and the other similarly situated persons, Defendant never provided them with a written explanation for the lack of timely notice.

### FEDERAL WARN ACT CLASS ALLEGATIONS

15. Plaintiff brings this Claim for Relief for violation of 29 U.S.C. § 2101 *et seq.*, on behalf of himself and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Fed. R. Civ P. 23(a), who worked at, received assignments from, or reported to Defendant's Facilities and were terminated without cause beginning on or about May 17, 2016, and within 30 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendant on or about May 17, 2016 and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

16. The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

17. Upon information and belief, Defendant employed more than 150 full-time employees who worked at or reported to the Facilities.

4

18.     On information and belief, the identity of the members of the class and the recent residence address of each of the WARN Class Members is contained in the books and records of Defendant.

19.     On information and belief, the rate of pay and benefits that were being paid by Defendant to each WARN Class Member at the time of his/her termination is contained in the books and records of Defendant.

20.     Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

(a)     whether the members of the WARN Class were employees of the Defendant who worked at or reported to Defendant's Facilities;

(b)     whether Defendant unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act; and

(c)     whether Defendant unlawfully failed to pay the WARN Class members 60 days wages and benefits as required by the WARN Act.

21.     Plaintiff's claims are typical of those of the WARN Class. Plaintiff, like other WARN Class members, worked at or reported to Defendant's Facilities and was terminated beginning on or about May 17, 2016, due to the mass layoffs and/or plant closings ordered by Defendant.

22.     Plaintiff will fairly and adequately protect the interests of the WARN Class. Plaintiff has retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation.

5

1235052.1

23. On or about May 17, 2016, Defendant terminated Plaintiff's employment as part of a mass layoff or a plant closing as defined by 29 U.S.C. § 2101(a)(2), (3), for which he was entitled to receive 60 days advance written notice under the WARN Act.

24. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

25. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

26. Plaintiff intends to send notice to all members of the WARN Class to the extent required by Rule 23.

27. The relief sought in this proceeding is equitable in nature.

## CLAIM FOR RELIEF

### Violation of the Federal WARN Act

28. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

29. At all relevant times, Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

30. At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101(a)(1) and 20 C.F.R. § 639(a)(3), and continued to operate as a business until it decided to order mass layoffs or plant closings at the Facilities.

31. Beginning on or about May 17, 2016, Defendant ordered mass layoffs and/or plant closings at the F, as those terms are defined by 29 U.S.C. § 2101(a)(2) and 20 C.F.R. § 639.3(i)

32. The mass layoffs or plant closings at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendant' employees as well as thirty-three percent (33%) of Defendant' workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2101(a)(8).

33. Plaintiff and the Class Members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendant at the Facilities.

34. Plaintiff and the Class Members are "affected employees" of Defendant, within the meaning of 29 U.S.C. § 2101(a)(5).

7

35. Defendant was required by the WARN Act to give the Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

36. Defendant failed to give Plaintiff and the Class members written notice that complied with the requirements of the WARN Act.

37. Plaintiff and each of the Class Members are "aggrieved employees" of the Defendant as that term is defined in 29 U.S.C. § 2104(a)(7).

38. Defendant failed to pay Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued vacation and personal time off for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under COBRA for 60 days from and after the dates of their respective terminations.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief as against Defendant:

A. Certification of this action as a class action;

B. Designation of Plaintiff as Class Representative;

C. Appointment of the undersigned attorneys as Class Counsel;

D. An allowed wage priority claim for up to $12,475 of the WARN Act claims of Plaintiff and each of the other similarly situated former employees under 11 U.S.C. § 507(a)(4) and (5), and the remainder as a general unsecured claim, equal to the sum of: (i) unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay pension and 401(k) contributions and other ERISA

8

1235052.1

benefits, for 60 days, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the federal WARN Act, 29 U.S.C. §2104(a)(1)(A) or, in the alternative a first priority administrative expense claim against Defendant pursuant to 11 U.S.C. § 503(b)(1)(A)(ii) in favor of Plaintiff and the other similarly situated former employees equal to those sums;

E. Reasonable attorneys' fees and the costs and disbursements that Plaintiff will incur in prosecuting this action, as authorized by the federal WARN Act; and

F. Such other and further relief as this Court may deem just and proper.

DATED: June 7, 2016

By: /s/ Jessica P. Wilde

George W. Pratt (USB #2642)
Jessica P. Wilde (USB #11801)
**JONES WALDO HOLBROOK & McDONOUGH PC**
170 South Main Street, Suite 1500
Salt Lake City, Utah 84101
Telephone:   (801) 521-3200
Email: gpratt@joneswaldo.com
          jwilde@joneswaldo.com

Jack A. Raisner
René S. Roupinian
**OUTTEN & GOLDEN LLP**
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:   (212) 245-1000
E-mail:   jar@outtengolden.com
          rsr@outtengolden.com

*Attorneys for the Plaintiff and the putative class*

9

1235052.1