**This order is SIGNED.**

Dated: December 20, 2017 

**WILLIAM T. THURMAN**
**U.S. Bankruptcy Judge**



*Prepared and Submitted by:*

| | |
|---|---|
| George W. Pratt (USB #2642) | Jack A. Raisner |
| Jessica P. Wilde (USB #11801) | René S. Roupinian |
| **JONES WALDO HOLBROOK** | **OUTTEN & GOLDEN LLP** |
| **& McDONOUGH PC** | 685 Third Avenue, 25th Floor |
| 170 South Main Street, Suite 1500 | New York, New York 10017 |
| Salt Lake City, Utah 84101 | Telephone: (212) 245-1000 |
| Telephone: (801) 521-3200 | E-mail: jar@outtengolden.com |
| Email: gpratt@joneswaldo.com | rsr@outtengolden.com |
| jwilde@joneswaldo.com | |

*Attorneys for the Plaintiff and the certified class*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re: | Bankruptcy Case No. 16-24818-WTT |
| CS MINING, LLC, | |
| Debtor. | Chapter 11 |
| | Honorable William T. Thurman |
| MATTHEW CHENAULT on behalf of himself and all others similarly situated, | Adversary Case No. 16-2095 |
| Plaintiff, | |
| v. | |
| CS MINING, LLC, | |
| Defendant. | |

1399018.1

**ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE
AFFIRMATIVE DEFENSES OR, IN THE ALTERNATIVE,
FOR PARTIAL SUMMARY JUDGMENT AND DENYING CS MINING,
LLC'S EXPEDITED MOTION FOR RELIEF UNDER FED. R. CIV. P. 56(D)**

On November 30, 2017, a hearing was held on Plaintiff's Motion to Strike Affirmative Defenses Or, in the Alternative, for Partial Summary Judgment and CS Mining, LLC's Expedited Motion for Relief Under Fed. R. Civ. P. 56(d). At the hearing Plaintiff Matthew Chenault and the certified class were represented by René Roupinian of Outten & Golden, LLP and Defendant CS Mining, LLC was represented by Joanna Cline of Pepper Hamilton, LLP and Jeff Tuttle of Snell & Wilmer, LLP.

The Court heard and carefully considered the arguments of counsel at the hearing and in the memoranda filed with the Court including CS Mining, LLC's argument that verbal notice may be as much notice as practicable under 29 U.S.C. § 2102(b)(3) and therefore may be sufficient notice to allow an employer to rely on the unforeseeable business circumstances defense set forth in 29 U.S.C. § 2102(b)(2)(A) and/or the faltering company defense set forth in 29 U.S.C. § 2102(b)(1). For the reasons stated by the Court on the record at the conclusion of the hearing, the transcript of which is attached hereto, the Court finds that Plaintiff's Motion is well-taken and should be granted and that additional discovery on the issues presented by Plaintiff's Motion is not necessary.

Accordingly,

IT IS HEREBY ORDERED that:

1. Plaintiff's Motion to Strike Affirmative Defenses Or, in the Alternative, for Partial Summary Judgment is GRANTED.

2. Defendant's Third and Fourth Affirmative Defenses, the unforeseeable business circumstances defense pursuant to 29 U.S.C. § 2102(b)(2)(A) and the faltering company defense pursuant to 29 U.S.C. § 2102(b)(1), set forth in its *Answer and Affirmative Defenses of*

*Defendant CS Mining LLC to Class Action Adversary Complaint*, filed August 23, 2016 (Doc. 14), are STRICKEN.

    3.    Defendant's Expedited Motion for Relief Under Fed. R. Civ. P. 56(d) is DENIED.

_____**END OF ORDER**_____

## DESIGNATION OF PARTIES TO BE SERVED

Service of the foregoing order shall be served to the following parties in the manner designated below:

**By Electronic Service (CM/ECF)** – I certify that the parties of record in this case as identified below, are registered CM/ECF users and will be served notice of the foregoing Order through the CM/ECF system:

- David E. Leta  dleta@swlaw.com; wkalawaia@swlaw.com; csmart@swlaw.com
- George W. Pratt   gpratt@joneswaldo.com
- Jack A. Raisner  jar@outtengolden.com; rfisher@outtengolden.com; gl@outtengolden.com
- Rene S. Roupinian  rsr@outtengolden.com, jxh@outtengolden.com; rmasubuchi@outtengolden.com; kdeleon@outtengolden.com
- Jeff D. Tuttle  jtuttle@swlaw.com, jpollard@swlaw.com; docket_slc@swlaw.com
- Jessica P Wilde  jwilde@joneswaldo.com

**By U.S. Mail Service** – In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed. R. Civ. P. 5(b):

Douglas Herrmann
Pepper Hamilton, LLP
1313 N. Market Street
Hercules Plaza, Suite 5100
Wilmington, DE 19899-1709

<i>/s/ René S. Roupinian</i><br>
René S. Roupinian

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 11th day of December, 2017, I caused a copy of the foregoing proposed **ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT AND DENYING CS MINING, LLC'S EXPEDITED MOTION FOR RELIEF UNDER FED. R. CIV. P. 56(D)** to be filed electronically via the Court's ECF system. Notice of this filing will be sent to all parties registered to receive filings in this case by operation of the Court's ECF system. Parties may access this filing through the Court's ECF system. Additionally, any parties that have appeared and will not be served electrically via the Court's ECF system have been served a copy of the foregoing via U.S. Mail, postage prepaid.

*/s/ René S. Roupinian*
René S. Roupinian

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| In re: | ) |
| | ) |
| CS MINING, LLC, | )Bk. Case No. 16-24818WTT |
| | ) |
|        Debtor, | ) |
| | ) |
| MATTHEW CHENAULT on behalf | ) |
| of himself and all others | ) |
| similarly situated, | ) |
| | ) |
|        Plaintiffs, | ) |
| | ) |
| | ) |
| v. | )Adv. Case No. 16-022095WTT |
| | ) |
| CS MINING, LLC., | ) |
| | ) |
|        Defendant. | ) |

Transcript of Electronically-Recorded Court's
Ruling on Motion for Summary Judgment

BEFORE THE HONORABLE WILLIAM T. THURMAN

November 30, 2017

Karen Murakami, CSR, RPR
8.430 U.S. Courthouse
351 South West Temple
Salt Lake City, Utah 84101
Telephone: 801-328-4800

1

APPEARANCES OF COUNSEL:

For the Plaintiff:    OUTTEN & GOLDEN LLP
                      By Rene S. Roupinian
                         Jack A. Raisner
                         Attorneys at Law
                      25th Floor
                      685 Third Avenue
                      New York, New York 10017


For the Defendant:    SNELL & WILMER
                      By Jeff D. Tuttle
                         Attorney at Law
                      Suite 1200
                      15 West South Temple
                      Salt Lake City, Utah 84101

                      PEPPER HAMILTON, LLP
                      By Joanna J. Cline
                         Attorney at Law
                      3000 Logan Square
                      Philadelphia, PA 19103

2

1  **Salt Lake City, Utah, Thursday, November 30, 2017**

2              * * *

3           THE COURT: (Recording begins) case and go

4  over the case law. I've taken a break here to look at

5  some additional case law the parties have cited. I've

6  read it before, I just wanted to read it again.

7           Appearances were noted on the record. The

8  court is now prepared to rule, and this is the ruling of

9  the court that I'm going to give, which will -- may be

10 memorialized by a written order I'll ask the parties to

11 prepare at the end.

12          The court finds it has proper jurisdiction

13 over this matter pursuant to 28 USC 1331 and 1334, 29

14 USC 2104(a)(5). This is a court proceeding under

15 157(b)(2)(A) of Title 28, (B)(A)(A) -- or

16 157(b)(2)(A)(B) and (O). Venue is appropriately laid in

17 this district under 28 USC 1409 and 29 USC 2104(a)(5).

18 And I find notice for today's hearing, hearings because

19 there were a couple of matters, to be proper and

20 adequate in all respects.

21          The main case 16-24818 was filed by an

22 involuntary petition initiated back in June, June 2 of

23 2016. On June 7 of 2016 plaintiff filed a class action

24 complaint against the defendant in this court on behalf

25 of Matthew Chenault and the certified class. On

1  August 23, 2016, the defendant filed an answer to the
2  complaint.  In the complaint the plaintiff seeks damages
3  in the amount of 60 days' pay and ERISA benefits due to
4  the defendant's alleged violation of the Workers
5  Adjustment and Retraining Notification Act.  I'll
6  commonly refer to that as the WARN Act, W-A-R-N, the
7  first initials of the law.
8           Plaintiff, Mr. Chenault, worked as a control
9  room operator.  And I take this from the undisputed
10 facts that are in the papers.  So that really wasn't
11 brought up today, but it's undisputed.  He worked as a
12 control room operator for the defendant at its facility
13 down in Milford, Utah, until his termination on or about
14 May 17 of 2016, several weeks before the date of the
15 involuntary petition.  Defendant's principal place of
16 business is located down in Milford also, but probably
17 in the town.
18          Until their terminations plaintiff and the
19 class members were employees of defendant who worked at,
20 received assignments from, and reported at the two
21 facilities.  The defendant has records containing
22 information about the wages and benefits received by the
23 plaintiff and class members.
24          In response to the complaint, the defendant
25 asserted various defenses, including two affirmative

4

1  defenses which are at issue here today, that
2  unforeseeable business circumstances prevented it from
3  giving 60 days written notice to the plaintiff, or --
4  yes, 60 days notice to the plaintiff and the putative
5  class members, which is the third affirmative defense;
6  that it was a faltering company, that's the fourth
7  affirmative defense; and that it acted in good faith,
8  that's the sixth affirmative defense.  The other
9  defenses are nonstatutory affirmative defenses and are
10 not applicable here in this motion here today.
11           On May 5, 2017, the court certified the
12 class and appointed plaintiff a class representative.
13 There are approximately 134 members of the class.
14           The standard for a motion to strike, which
15 is first and foremost on the plaintiff's motion, is Rule
16 12(f) of the Federal Rules of Civil Procedure.  It
17 states that a court may strike from a pleading an
18 insufficient defense, and the court may act on its own
19 or on motion made by a party.  Well, I've never acted on
20 my own to strike a defense.  I wonder how that would
21 work, but that's an appealable issue I believe.  But
22 it's teed up by the parties here today.
23           A defense is insufficient if it cannot
24 succeed as a matter of law under any circumstances.  And
25 that's a quote from my -- our colleague, Judge Daniel, a

1  district court judge out of Colorado, in the *Purzel*
2  *Video GmbH* case, 2014, which I find's good law.
3      The court must be convinced that there are
4  no questions of fact, that any questions of law are
5  clear and not in dispute and that under no circumstances
6  could the defenses succeed.  That's a quote from another
7  district court case in -- from a district judge from New
8  Mexico, the *Lane v. Page* case.  While motions to strike
9  are generally disfavored, the discretion to grant a
10 motion to strike is within the discretion of the court.
11 That's another quote from *Page*.
12     The standard for a motion for summary
13 judgment the parties understand, but I like to lay that
14 standard out in any rulings I make plus give a
15 recitation of the facts, which I've done.  In our Tenth
16 Circuit, *Becker v. Bateman* case, the circuits have
17 stated, Summary judgment is appropriate when the movant
18 shows there's no genuine dispute as to any material fact
19 and the movant is entitled to a judgment as a matter of
20 law.  Well, that's no revelation.  That's right out of
21 the Rule 56(a).
22     An issue is genuine if there is sufficient
23 evidence on each side so that a rational trier of fact
24 could resolve the issue either way.  That's a quote from
25 the *Wal-Mart* case, also from our circuit.

```
 1              An issue of fact is material if under
 2   substantive law it is substantial to an improper
 3   disposition of the claim.  Put differently, the question
 4   is whether the evidence presents a sufficient
 5   disagreement to require submission to a jury, or whether
 6   it is so one-sided that one party must prevail as a
 7   matter of law.  These are all Tenth Circuit cases.  I'm
 8   giving you cites to -- you know what they are.  That
 9   last one was Shero v. City of Grove.
10              The other case I like is the Supreme Court
11   case, the Matsushita case.  On summary judgment the
12   inferences to be drawn from the underlying facts must be
13   reviewed in the light most favorable to the party
14   opposing the motion.
15              While using that standard, I've analyzed the
16   facts.  There really are no undisputed facts here.  The
17   question before the court is really did the plaintiff
18   give -- or was it -- no, not that it didn't -- the
19   defendant give written notice, was the defendant excused
20   from giving a written notice under the WARN Act for
21   various defenses.
22              Now, plaintiff may also seek partial summary
23   judgment to strike the affirmative defense, which is
24   being done here today.  The WARN Act is a remedial
25   statute.  This -- I'm taking that from the Allen v.
```

```
 1   Sybase case from Judge Stephanie Seymour.  You may not
 2   have had the pleasure of visiting her or meeting
 3   Stephanie Seymour.  She's one of the best circuit judges
 4   in the country, and I like what she says.  It is a
 5   remedial statute that generally provides protection to
 6   workers, their families, their communities by requiring
 7   employers to provide notification 60 calendar days in
 8   advance of plant closings and mass layoffs.  Advance
 9   notice provides workers and their families some
10   transition time to adjust to the prospective loss of
11   employment, to seek and obtain alternate jobs and, if
12   necessary, to enter skill training or pretraining that
13   will allow these workers to successfully compete in the
14   job market.  It's a broad statement.  Everybody agrees
15   to that.  Judge Seymour did not go on to say anything
16   about written notice, however.
17              Now, the WARN Act directs that employers can
18   be liable up to 60 days for backpay and benefits to
19   certain employees who lose their job as part of a plant
20   closing or mass layoffs without receiving the 60 days
21   advance notice.  An employer may be excused from the
22   60-day notice requirement where a mass layoff was the
23   result of an unforeseen business circumstance.  Another
24   quote from Judge Seymour.
25              An employer relying on an excuse under
```

8

1  Section 2102(b), that's a reduction of the notification
2  period of a section of the WARN Act, shall -- quote,
3  "shall give as much notice as is practicable and at that
4  time shall give a brief statement on the basis -- of the
5  basis for reducing the notification period," end quote.
6  And that is citing Section 2102(b)(3) of the Act.
7        Well, as a preliminary matter the court
8  finds there is no dispute regarding the written notice
9  requirement under the WARN Act. The debtor did not give
10 the affected employees written notice 60 days before
11 their termination, or written notice after their
12 termination. The issue for this court, therefore, is
13 straightforward, may a defendant -- may the defendant
14 rely on the faltering company or on the foreseeable
15 circumstances affirmative defenses without giving any
16 written notice of termination of employment.
17       As mentioned, the WARN Act contains certain
18 exceptions to the 60-day notice requirement. In this
19 case the applicable exceptions to the 60-day notice
20 requirement are the unforeseen business circumstances
21 exception and the faltering company exception.
22 Importantly, the exceptions do not obviate the need for
23 a written notice once an affected employee has been
24 terminated without the required 60-day written notice.
25 Congress made clear and the overwhelming caselaw cited

1  by the plaintiffs -- plaintiff, which the court has
2  reviewed, support the fact that when an employer relies
3  on one of the exceptions, it is still required to give,
4  quote, as much notice as is practicable and at that time
5  shall give a brief statement of the basis for reducing
6  the notification period.  Well, that is a quote from
7  Judge Seymour in the *Sybase* case -- or *Sybase*.
8           But the defendant relies on the *Richards*
9  case.  The parties have gone back and forth on that.
10 That's a district court case out of the Eastern District
11 of Michigan, Judge McIvor, to support its argument that
12 the required -- requirement outlined in 2102(b)(3) is
13 superfluous.  The court is not persuaded by the
14 reasoning in *Richards*.  Eliminating the written notice
15 requirement altogether would indeed leave the WARN Act
16 toothless.  Moreover, the holding in *Richards* was
17 rejected by the *Dewey* court, which the parties have
18 referred to, issued by Judge Glenn in 2014, which the
19 court finds persuasive.  The court stated, quote,
20 "Eliminating the written notice requirement altogether
21 contradicts the WARN Act regulations and existing
22 caselaw in this district," end quote.  That was from New
23 York.  Required -- requires shortened WARN notice to be
24 written and to contain a brief statement appears to WARN
25 Act legislative scheme.  That's another quote from Judge

10

1  Glenn.
2      *Dewey* goes on to state regulations 639.7 --
3  this is where it gets really precise and complicated,
4  but Judge Glenn took it apart.  He says, quote,
5  Regulation 639.7 requires WARN notice to be written in
6  language understandable to the employees.  CFR 639.7 he
7  refers to.  Moreover 639.9 provides that shortened
8  notice may be given after the fact, so that the court
9  finds no basis to conclude that an employer can
10 disregard the written notice requirement altogether.
11     As explained in the Third Circuit case
12 issued earlier this year, which is the *AE Liquidation*,
13 *Inc.* case -- I don't know if you've got that, but I'll
14 give you the cite here in a second -- the Third Circuit
15 stated, Even if the exceptions in 29 USC 2102(b)(1) and
16 (b)(2)(a) apply, an employer is not relieved of the
17 obligation to notify employees.  That's at 866 F.3d 515.
18 Going on, the court states, Even if an employer
19 establishes that unforeseen events prevented it from
20 giving notice 60 days in advance, the Act still requires
21 that an employee give as much notice as is practicable
22 under the circumstances.  2102(b)(3) requires the same
23 including, where appropriate, notice after the fact.
24 And relies on the *Sides v. Macon* case.  I think the
25 court -- the parties referred to the *Macon* case earlier

1  from the Eleventh Circuit where that case -- Judge
2  Wilson writing for the circuit stated that
3  after-the-fact-notice and a brief statement on the basis
4  of reducing notice is required for an employer avoiding
5  certain defenses under the WARN Act.
6  The court understands the dire circumstances
7  that may have escalated that prevented CS Mining from
8  providing 60 days notice.  There may have -- these may
9  have related to unforeseeable business circumstances and
10 a faltering company.  However, in the absence of
11 required shortened written notice as soon as practicable
12 that the circumstances giving rise to the exceptions
13 arose or after the termination of the affected
14 employees, defendant cannot invoke the affirmative
15 defense to avoid liability, the affirmative defenses.
16 Thus the motion to strike and the partial motion for
17 summary judgment should be granted.
18 I'm relying on the reasoning in the *Grimmer*
19 *v. Lord Day & Lord* case from the Southern District of
20 New York in 1996, where he stated -- the court stated,
21 Granting summary judgment for the plaintiff as employer
22 who's not entitled to a reliable defense due to
23 insufficient written notice.  And again rely on the
24 *Dewey* case granting partial summary judgment striking
25 the unforeseeable business circumstances defense due to

12

```
 1  insufficient written notice.
 2              Finally, in conclusion, since required
 3  notice was never given to the affected employees herein,
 4  the motion for summary judgment -- or the motion on the
 5  pleadings striking the third and fourth affirmative
 6  defenses is granted.
 7              The defendant's Rule 56(d) motion is denied
 8  as further discovery is unnecessary to rule on this
 9  motion.
10              The good faith mitigation of damages defense
11  remains, as well as the other nonstatutory defenses
12  which are referred to in the answer.  CS Mining remains
13  entitled to attempt to prove that these actions were
14  taken in good faith and that any liability or penalty
15  imposed on it should be reduced.  So all I'm doing is
16  very narrowly tossing out those two affirmative
17  defenses.
18              I'm going to ask counsel for the movant to
19  prepare an order memorializing this.  You may refer in
20  the order that the court made its findings and
21  conclusions on the record, and based upon that, the
22  following is ordered, blah, blah, striking and denied as
23  written -- as stated.  Thank you very much for your
24  participation today.  The court is in recess.
25              (Whereupon, the matter was concluded.)
```

C E R T I F I C A T E

State of Utah

County of Salt Lake

    I, Karen Murakami, a Certified Shorthand Reporter for the State of Utah, do hereby certify that the foregoing transcript of proceedings was taken by me from an electronic recording, to the best of my ability to hear and understand said recording, at the time and place set forth herein, and was taken down by me in shorthand and thereafter transcribed into typewriting under my direction and supervision;

    That the foregoing pages contain a true and correct transcription of my said shorthand notes so taken.

    IN WITNESS WHEREOF, I have hereunto set my hand this  8th  day of December, 2017.


                                      ___Karen Murakami_____

                                      Karen Murakami, CSR, RPR

14